John J. S̶̶̶̶̶̶
Kipp C. Leland
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiffs
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

**JUDGE BAER**

# 07 CV 6347

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUL 1 1 2007

U.S.D.C. S.D.N.Y.
CASHIERS

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

ERIDAN SHIPPING LTD., as successor in
interest to KAMA MALTA SHIPPING CO.
LTD., and ANTARUS SHIPPING CO. LTD.,
as successor in interest to KAMA MALTA
1011 SHIPPING CO. LTD.,

Index No. _____

        Plaintiffs,

**COMPLAINT**

        -against-

STANISLAV FILATOV

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiffs Eridan Shipping Ltd. and Antarus Shipping Co. Ltd., by and through their

attorneys Hill Rivkins & Hayden LLP as and for their complaint against the above-named

defendants hereby allege upon information and belief as follows:

1. This honorable court has jurisdiction over matters complained of herein as there is

complete diversity between the parties pursuant to 28 U.S.C. §1332.

2. At and during all times hereinafter mentioned, plaintiff, Eridan Shipping Ltd. (hereinafter

"Eridan Shipping"), as successor in interest to Kama Malta Shipping Co. Ltd. was and

now is a corporation organized and existing by virtue of the law of the nation of Malta,

with an office and place of business at 80 South Street, Valletta, Malta and is a judgment creditor on a judgment entered in its favor and against the Defendant in the nation of Malta, as is more particularly described herein.

3. At and during all times hereinafter mentioned, plaintiff, Antarus Shipping Co., Ltd., successor in interest to Kama Malta 1011 Shipping Co. Ltd. (hereinafter "Antarus Shipping"), was and now is a corporation organized and existing by virtue of the law of the nation of Malta, with an office and place of business at 80 South Street, Valletta, Malta and is a judgment creditor on a judgment entered in its favor and against the Defendant in the nation of Malta, as is more particularly described herein.

4. Presently defendant Stanislav Filatov (hereinafter "Mr. Filatov") is an individual domiciled within the State of New York, owning property and residing at 217 East 96th Street, Apt 29B, New York, New York and/or 2133 81st Street, Brooklyn, New York and is a judgment debtor on a judgment entered against him and in favor of Plaintiffs by the Courts of the nation of Malta, as is more particularly described herein.

5. The nation of Malta is a common law country with an independent judiciary and a popularly elected parliament, and is a member state of the European Union.

6. On February 27, 2006 the Hon. Judge Geoffrey Valenzia of the First Hall of the Civil Court, of the Courts of Justice, Malta, (hereinafter "Maltese Court") issued a Judgment (hereinafter "Maltese Judgment" or "Judgment"), a certified copy of which is attached to this Complaint as Exhibit A, and a certified translation of which is attached to this Complaint as Exhibit B, in favor of Eridan Shipping and Antarus Shipping, and against, *inter alia*, Stanislav Filatov, for $1,054,656.00 plus costs and interest.

7. The Maltese Judgment states that Mr. Filatov "for some time was the executive director of the plaintiff companies...The defendant Filatov effectively used to manage these Maltese companies."

8. The Maltese Judgment declared "that the defendant Stanislav Filatov misappropriated himself from funds, assets and other things which were the property of the plaintiff companies for his benefit and/or the other defendants without being authorized and/or in a fraudulent and/or in an illegal and illicit manner."

9. The Maltese Judgment found "That from the examination of all the evidence produced, this Court has a clear picture of how the defendant Stanislav Filatov used to transfer money from the plaintiff companies bank accounts at Hambros Bank, London, for his benefit and for the benefit of his companies, that is the other defendants. This results in great detail from the evidence produced by the Plaintiffs. These transfers were effected on the instructions of the defendant Filatov who was the person solely responsible for the running of the Maltese companies. This defendant was able to do all this because he had the complete control of the financial aspects of the plaintiff companies. It has been proven that the Board of Directors and the shareholders did not authorize Filatov to effect these transfer against the interests of the Maltese companies and in the interest of Filatov personally or of his company..."

10. The Maltese Judgment found that "By way of example of all this, is the transfer of funds by Filatov for $11,000.00 from the company Antarus Shipping Co. Ltd. to Capes Shipping Co. Inc. of the United States which was mentioned. This could not have been authorized by Antarus since it had no business relationship with Capes Shipping."

3

11. The Maltese Judgment found that "evidence was produced which showed that in a period of eight months Filatov withdrew the amount of $1,043,656.00 from the plaintiff companies' bank accounts with Hambros Bank London and transferred those funds to his personal bank account or to a bank account of his company River Sea Shipmanagement Ltd., E.I. Holdings Ltd. All this was done by Filatov without him being authorized to do all so and when those funds were not due during that period of eight months. Todor Vassilev presented documentary evidence of the amount of money that was transferred and in which bank accounts the funds ended up. Vassilev explained that the Kama Group had no business relationship with E. I. Holdings Ltd., therefore, the transfers that were effected to this company could not have been authorized or approved by Kama Malta Shipping Co. Ltd.'s Board or shareholders. It has been established that Filatov was the beneficial shareholder of River Sea Shipmanagement Ltd., E. I. Holdings Ltd., and River Sea Ltd. and he was the person who used to sign and appear on behalf of those companies and he used to deposit the money which he used to take into these companies. In regard to Capes Shipping Ltd of the U.S.A., it has been proven (see the evidence of Stephen Parnis England and Vassilev) that Filatov used to work with Capes and he used to be reached at this company by telephone/faxes, and the plaintiffs did not have any business relationship with this American company.

12. The Maltese Judgment found that "The defendant companies had participated in misappropriation of funds in the sense that their director, Filatov, had committed a criminal act, and these companies that originally were offshore companies, served as a cover up for Filatov to hide behind."

13. The particular fund transfers that Mr. Filatov undertook to illegally misappropriate US$1,054,656.00 are set forth with particularity in p. 10-12 of the Maltese Judgment.

14. The Maltese Judgment concluded that it "Liquidates the amount of US$1,054,656.00 as the amount that was illegally misappropriated by Stanislav Filatov."

15. The Maltese Judgment ordered that "the defendants refund the amount liquidated to the plaintiff companies; With costs and interest against the defendants."

16. The actions of Stanislav Filatov in illegally misappropriating US$1,054,656.00 were conducted by Mr. Filatov while he was physically within Malta doing business as executive director of the plaintiffs, who are Maltese Corporations, within Malta and transacting business in Malta.

17. Stanislav Filatov subsequently fled from Malta to New York State along with the US$1,054,656.00 he illegally misappropriated from Plaintiffs.

18. The co-defendant corporations Capes Shipping Co. Inc. and River Sea Shipmanagement Ltd., which the Maltese Judgment found that Stanislav Filatov owned, controlled and used to illegally misappropriate funds, retained the law firm of Jos. A. Schembri & Associates in Malta, and put forward a strong defense in the Maltese lawsuit in time to be fully considered by the Maltese Court before it issued its Judgment against them and against Mr. Filatov.

19. Under Maltese Law, a curator was appointed to represent and defend, and did in fact represent and defend, Mr. Filatov in his personal capacity before the Maltese Court, which asserted personal jurisdiction over him in accordance with Maltese Law and practice.

20. The Maltese Judgment is final, conclusive and enforceable against Mr. Filatov in Malta for a sum certain, and the Maltese Court has thus far collected approximately US$16,741.07 under the Judgment, reducing the amount due under the Judgment to US$1,037,914.93.

21. No appeal of the Maltese Judgment has been filed and the time for appeal has expired.

**W H E R E F O R E,** Plaintiffs pray:

1.      That process in due form of law according to the practice of this Court may issue against defendant;

2.      That the Maltese Judgment in favor of Plaintiffs and against STANISLAV FILATOV in the amount of One Million Thirty Seven Thousand Nine Hundred and Fourteen Dollars and Ninety-Three Cents ($1,037,914.93) plus costs, interest and attorneys fees be recognized and entered as a Judgment of this Court in accordance with the Uniform Foreign Money-Judgments Recognition Act, enacted by the State of New York as Article 53 of the New York Civil Practice Law and Rules ("CPLR").

3.      That the Maltese Judgment in favor of Plaintiffs and against STANISLAV FILATOV in the amount of One Million Thirty Seven Thousand Nine Hundred and Fourteen Dollars and Ninety-Three Cents ($1,037,914.93) plus costs, interest and attorneys fees be recognized and entered as a Judgment of this Court in accordance with the New York State common law and public policy of comity in liberally enforcing foreign

money judgments.

4.      That STANISLAV FILATOV be made to submit to discovery and inspection such that his assets may be identified and collected upon up to the full amount of the Judgment plus costs and interest.

5.      That all property owned by STANISLAV FILATOV be restrained, levied, executed upon, sold and/or liquidated to pay Plaintiffs the full amount of the Judgment plus costs and interest.

6.      That all transfers of funds and/or property of STANISLAV FILATOV to any other person and/or entity that is or was fraudulently undertaken to frustrate Plaintiffs from collecting upon the Judgment be undone and such funds and/or property be made available to Plaintiffs to pay the full amount of the Judgment plus costs and interest.

7.      That all costs, interest, and attorneys fees undertaken in pursuit of collection on the Judgment be awarded to Plaintiffs.

8.      For such other and further relief as this Court may deem just and proper in the premises.

Dated:  July 11, 2007
New York, New York

<div style="margin-left: 3em;">

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiffs


By:_____
John J. Sullivan
Kipp C. Leland
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

</div>


      Plaintiffs hereby demand a trial by jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.


Dated:  July 11, 2007
New York, New York

<div style="margin-left: 3em;">

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiffs


By:_____
John J. Sullivan
Kipp C. Leland
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

</div>

Exhibit A





## FIL-PRIM' AWLA TAL-QORTI CIVILI

### IMHALLEF

### ONOR. GEOFFREY VALENZIA B.A., LL.D.

Seduta ta' nhar It-Tnejn, 27 ta' Frar, 2006.

Kawza Numru: 64

Citazzjoni Nru.411/99GV

Doc. 20-06

L-Avukat Dottor Jotham Scerri Diacono bhala mandatarju specjali ghan-nom u in rapprezentanza tas-socjetajiet Eridan Shipping Ltd., Kama II Shipping Co. Ltd., Antarus Shipping Co. Ltd., Ferrum Shipping Co. Ltd., u, ghal kull interess illi jista' jkollha, tas-socjeta' estera Kama River Shipping Company Ltd. - perm, Russia, u b'nota tat-8 ta' Frar, 2001 TODOR HRISTOV VASSILEV assuma l-atti tal-kawza ghan-nom u fl-interess tas-socjetajiet attrici kollha minflok l-avukat Dottor Jotham Scerri Diacono, u b'nota tas-27 ta' Novembru 2001 Ms. Galina Oganesian assumiet l-atti tal-kawza flok Todor Hristov Vassilev.

VS

L-Avukat Dottor Joseph Azzopardi u Prokuratrici Legali Joanna Dingli illi b'digriet tal-Qorti tat-tmienja (8) ta' Frar 1999 gew appuntati kuraturi deputati sabiex jirraprezentaw lill-assenti Stanislav Filatov, u martu Irina Filatova; u CAMCO (Nominee) Limited ghan-nom u in rapprezentanza tas-socjetajiet Maltin River-Sea Shipmanagement Limited u E.I. Holdings Limited u Dr. Joseph Azzopardi u PL. Joanna Dingli b'digriet tas-26 ta' Frar, 1999 gew nominati Kuraturi deputati sabiex jirraprezentaw lill-assenti Evgeuni Filatov, Anna Filatova, Vadim Veronine, is-socjeta' estera Capes Shipping Services Inc u b'digriet tal-5 ta' Marzu 2003 is-socjeta' Camco (Nominee) Ltd giet tidher bhala stralecjarja f'isem u ghan-nom ta' River Sea Shipmanagement Ltd u E.I Holdings Ltd u b'digriet tas-27 ta' Mejju 2003 Dr. Joseph Azzopardi gie sostitwit b'Dr. Renzo Porsella Flores.

Il-Qorti

Preliminari

Cittazzjoni Numru 411/99GV                                                    2

Rat **l-att tac-citazzjoni** li permezz taghha s-socjeta' attrici ppremettiet illi:

Peress illi matul il-perijodu minn Jannar 1993 sa Frar 1998 il-konvenut Stanislav Filatov kien jew assuma b'mod irregolari il-kariga ta' direttur tas-socjeta *Eridan Shipping Ltd;*

U peress illi matul il-perijodu minn Marzu 1995 sa Frar 1998 il-konvenut Stanislav Filatov kien jew assuma b'mod irregolari l-kariga ta' direttur tas-socjeta' *Kama II Shipping Co. Ltd;*

U peress illi matul il-perijodu minn Mejju 1995 sa Frar 1998 il-konvenut Stanislav Filatov kien jew assuma b'mod irregolari l-kariga ta' direttur tas-socjeta' *Antarus Shipping Co. Ltd;*

U peress illi matul il-perijodu minn Mejju 1995 sa Frar 1998 il-konvenut Stanislav Filatov kien jew assuma b'mod irregolari l-kariga ta' direttur tas-socjeta' *Ferrum Shipping Co. Ltd;*

U peress illi matul dina l-kariga tieghu bhala direttur tas-socjeta' *Eridan Shipping Ltd, Kama II Shipping Co. Ltd, Antarus Shipping Co. Ltd, u Ferrum Shipping Co. Ltd;* il-konvenut Stanislav Filatov approprija ruhu minn flus, assi u hwejjeg ohra propjeta' ta' l-imsemmija socjetajiet a beneficju tieghu u/jew tal-konvenuti l-ohra jew min minnhom minghajr ma kien awtorizzat u/jew b'mod frawdolenti u/jew b'mod illecitu u illegali, kif sejjer jigi ampjament pruvat fil-mori tal-kawza;

U peress illi ghallkemm il-konvenut Stanislav Filatov kien verbalment interpellat sabiex jirrifondi l-flus u jirritorna l-flus u jirritorna l-assi u l-hwejjeg l-ohra approprijati minnu, dan naqas li jaghmel dak mitlub minnu u sahansitra ittanta jahbi dan l-agir illegali tieghu billi iddestrugga xi provi li setghu ntuzaw kontrih;

Citazjoni Numru 411/99GV

U peress illi ghalhekk il-konvenut Stanislav Filatov huwa tenut li jirritorna u jirrestitwixxi dawk il-flus, assi u hwejjeg ohra li jappartjenu lis-socjetajiet attrici, illegalment approprijati minnu, u filwaqt li l-konvenuti l-ohra li benefikaw mill-agir illegali tal-konvenut Stanislav Filatov huma ugwalment tenuti li jirrestitwixxu u/jew jirrifondu kwalunkwa flus, assi u hwejjeg ohra li rcevew u li jappartjenu lis-socjetajiet attrici;

Jghidu ghalhekk il-konvenuti ghaliex dina l-Qorti m'ghandiex prevja kull dikjarazzjoni opportuna:

1. Tiddeciedi u tiddikjara illi l-konvenut Stanislav Filatov, matul il-perjodu 1993 - 1998 approprija ruhu minn flus, assi u hwejjeg ohra propjeta' tas-socjeta' *Eridan Shipping Ltd.* a beneficcju tieghu u/jew tal-konvenuti l-ohra minghajr ma kien awtorizzat u/jew b'mod frawdolenti u/jew b'mod illecitu u llegali.

2. Tillikwida l-ammont ta' flus u tiddentifika l-assi u l-hwejjeg l-ohra tas-socjeta' *Eridan Shipping Ltd.* illi gew illegalment approprijati mill-konvenut Stanislav Filatov kif intqal.

3. Tordna lill-konvenuti jew min minnhom jirristutwixxu lis-socjeta' attrici *Eridan Shipping Ltd.* l-istess l-flus, assi u hwejjeg ohra approprijati mill-konvenut Stanislav Filatov, hekk likwidati u/jew iddentifikati sabiex is-socjeta' *Eridan Shipping Ltd.* tigi restitwita *in integrum*.

4 Tiddeciedi u tiddikjara illi l-konvenut Stanislav Filatov, matul il-perijodu 1995-1998 approprija ruhu minn flus, assi u hwejjeg ohra propjeta' tas-socjeta' Kama II Shipping Co. Ltd. a beneficju tieghu u/jew tal-konvenuti l-ohra minghajr ma kien awtorizzat u/jew b'mod frawdolenti u/jew b'mod illecitu u llegali.

Cittazzjoni Numru 411/99GV                                          4

5. Tillikwida l-ammont ta' flus u tiddentifika l-assi u l-hwejjeg l-ohra tas-socjeta' *Kama II Shipping Co. Ltd.* illi gew illegalment approprijati mill-konvenut Stanislav Filatov kif intqal.

6. Tordna lill-konvenuti jew min minnhom jirristitwixxu lis-socjeta' attrici *Kama II Shipping Co. Ltd.* l-istess flus, assi u hwejjeg ohra approprijati mill-konvenut Stanislav Filatov, hekk likwidati u/jew identifikati sabiex is-socjeta' *Kama II Shipping Co. Ltd* tigi restitwita *in integrum*.

7. Tiddeciedi u tiddikjara illi l-konvenut Stanislav Filatov, matul il-perjodu 1995-1998 approprija ruhu minn flus, assi u hwejjeg ohra propjeta' tas-socjeta' *Antarus Shipping Co. Ltd.* a beneficju tieghu u/jew tal-konvenuti l-ohra minghajr ma kien awtorizzat u/jew b'mod frawdolenti u/jew b'mod illecitu u illegali.

8. Tillikwida l-ammont ta' flus u tidentifika l-assi u l-hwejjeg l-ohra tas-socjeta' *Antarus Shipping Co. Ltd.* illi gew illegalment approprijati mill-konvenut Stanislav Filatov kif intqal.

9. Tordna lill-konvenuti jew min minnhom jirristitwixxu lis-socjeta' attrici *Antarus Shipping Co. Ltd.* l-istess l-flus assi u hwejjeg ohra approprijati mill-konvenut Stanislav Filatov, hekk likwidati u/jew iddentifikati sabiex is-socjeta' *Antarus Shipping Co. Ltd.* tigi restitwita *in integrum*.

10. Tiddeciedi u tiddeciedi illi l-konvenut Stanislav Filatov, matul il-perjodu 1996-98 approprija ruhu minn flus, assi u hwejjeg ohra propjeta' tas-socjeta' *Ferrum Shipping Co. Ltd.* a beneficju tieghu u/jew b'mod frawdolenti u/jew b'mod illecitu u illegali.

11. Tillikwida l-ammont ta' flus u tiddentifika l-assi u l-hwejjeg l-ohra tas-socjeta' *Ferrum Shipping Co. Ltd.* illi gew illegalment approprijati mill-konvenut Stanislav Filatov kif intqal.

12. Tordna lill-konvenuti jew minn minnhom jirristitwixxu lis-socjeta' attrici *Ferrum Shipping Co. Ltd.* l-istess l-flus, assi u hwejjeg ohra approprijati mill konvenut Stanislav Filatov, hekk likwidati u/jew iddentifikati sabiex is-socjeta' *Ferrum Shipping Co. Ltd.* tigi restitwita *in integrum*

Bl-ispejjez inkluzi dawk tal-mandat ta' inibizzjoni numru 3743/98 fl-ismijiet premessi, tar-rikors ghall-hatra tal-kuraturi deputati prezentat kontestwalment ma' l-istess mandat ta' inibizzjoni, u bl-imghax legali kontra l-konvenuti jew minn minnhom, u b'rizerva illi s-socjetajiet jipprocedu ulterjorment kemm f'Malta u anke' barra minn Malta kontra l-konvenuti jew min minnhom.

Rat id-dikjarazzjoni tas-socjeta' attrici  a fol.3 tal-process:

**Rat in-nota ta' l-eccezzjonijiet tas-socjeta' konvenuta Camco (Nominee) Limited  a fol.18 tal-process fejn eccepiet:**

1)    Illi t-talbiet ta' l-atturi fil-konfront tal-esponenti huma nfondati fil-fatt u fid-dritt u ghandhom jigu michuda bl-ispejjes kontra l-atturi.

2)    illi s-socjeta' esponenti, ai termini tal-Kapitolu 330 tal-Ligijiet ta' Malta ma titqiesx bhala residenti f'dawn il-gzejjer u bhala tali ma jistghux jigu ntavolati proceduri kontra taghha quddiem din l-Onorabbli Qorti, stante illi din l-Onorabbli Qorti, bir-rispett kollu, ma ghandhiex gurisdizzjoni fuq l-istess.

3)    Illi bla pregudizzju ghas-suespost is-socjeta' esponenti tissottometti illi hija ma ghandha ebda relazzjoni guridika ma' l-atturi fil-konfront tal-allegazzjonijiet kontenuti fic-citazzjoni u ghalhekk ghandha tigi liberata mill-osservanza tal-gudizzju bl-ispejjez kontra l-atturi.

(4)   Illi l-allegazzjonijiet kontenuti fil-premessi tac-citazzjoni, in kwantu referibbli ghas-socjeta' esponenti, huma ghal kollox vagi u bla ebda fondament guridiku u wiehed jista' jekwiparahom biss ma' dak li l-Inglizi isejhu *"fishing expedition"* u ghalhekk huwa legalment insostenibbli.

(5)   Salvi eccezzjonijiet ohra.

**Rat in-nota ta' l-eccezzjonijiet tal-konvenuti kuraturi l-Avukat Dottor Joseph Azzopardi u l-Prokuratur Legali Joanna Dingli nomine** a fol. 23 tal-process fejn eccepew:

Illi huma m'humiex edotti bil-fatti u kwindi jirriservaw id-dritt illi jipprezentaw l-eccezzjonijiet taghhom fi stadju ulterjuri

**Rat in-nota ta' l-eccezzjonijiet tal-konvenuti kuraturi L-Avukat Dott. Renzo Porsella-Flores u l-P.L. Joanna Dingli nomine** a fol. 435 tal-process fejn eccepew:

Illi qabel xejn jehtieg li l-attrici tal-lum – Galina Oganesian – trid taghmel il-prova tal-mandat taghha;

Illi f'kull kaz huma ma jafu xejn dwar il-fatti tal-kawza u ghalhekk jirriservaw id-dritt li jressqu l-eccezzjonijiet taghhom aktar il-quddiem.

Rat id-decizjoni preliminari a fol 46 li biha l-Qorti cahdet it-tieni eccezzjoni tal-konvenuti Camco (Nominee) Ltd.

Rat id-digriet a fol 128;

Rat in-nota a fol 132;

Rat l-atti kollha tal-kawza u d-dokumenti ezibiti;

Semghet ix-xhieda bil-gurament;

Rat in-noti tal-partijiet.

## FATTI

Il-konvenut Stanislav Filatov, ghal xi zmien kien id-direttur ezekuttiv tas-socjetajiet attrici, hlief ghall Kama River Shipping Co Ltd li kienet il-'*parent company*' ta' dawn is-socjetajiet Maltin u li hi bbazata f'Perm, ir-Russja.   Il-konvenut Filatov kien effettivament imexxi s-socjetajiet attrici Maltin izda fl-ahhar zmien tat-tmexxija tieghu, skond l-atturi,   l-konvenut kien qieghed jagixxi ta' direttur minghajr l-approvazzjoni ta' l-azzjonisti ta' l-istess socjetajiet attrici Maltin. Fiz-zmien li l-Filatov kien direttur ezekuttiv,  huwa kellu kontroll shih fuq il-flejjes (bank accounts etc) u l-assi ta' dawn is-socjetajiet attrici Maltin. Imbaghad il-'*parent company*' iddecidiet li tibda nvestigazzjoni fuq l-agir tal-konvenut u skond hi rrizultalha li l-konvenut mizapproprija flus u assi tas-socjetajiet attrici  b'mod li dawn il-flejjes marru a benefficcju mhux biss tal-konvenut izda wkoll ta' martu, bintu,  huh u tas-socjetajiet konvenuti li taghhom il-konvenut kien il-beneficcjarju.

## Talbiet

Ghalhekk l-atturi talbu  dikjarazzjoni li l-konvenut Stanislav Filatov approprija ruhu minn flus, assi u hwejjeg ohra proprjeta' tas-socjetajiet attrici a beneficcju tieghu jew tal-konvenuti l-ohra minghajr ma kien awtorizzat,  u li tidentifika u tillikkwida l-ammont dovut lill atturi u tordna lill-konvenuti jew min minnhom jirristitwixxu lis-socjetajiet attrici l-istess flus, assi u hwejjeg ohra approprijati.

## Eccezzjonijiet

Citazzjoni Numru 411/99GV                                                              o

Il-konvenuti wiegbu li huma m'ghandhom ebda relazzjoni guridika ma' l-atturi fil-konfront tal-allegazzjonijiet kontenuti fic-citazzjoni u li dawn l-allegazzjonijiet huma ghal kollox vagi u bla ebda fondament guridiku u ghalhekk legalment insostenibbli. Il-konvenuti kuraturi eccepew li huma m'humiex edotti bil-fatti u li m'ghandhomx jehlu l-ispejjez tal-kawza.


## KONSIDERAZZJONIJIET

### Kumpaniji offshore

Illi originarjament, is-socjetajiet konvenuti River Sea Shipmanagement Co Ltd u E. I. Holdings kellhom status ta' offshore companies li mbaghad gie mnehhi fil-mori tal-kawza kif jirrizulta mid-dokumenti esibiti a fol 84 u 85. Joseph Psaila xehed li l-kumpaniji konvenuti m'ghadhomx kumpaniji offshore u llum huma mejta (ara fol 424). Fil-ligi Maltija llum kumpaniji offshore m'ghadhomx jezistu u ghalhekk il-Qorti qed tittratta dawn il-kumpaniji bhal kumpaniji Maltin ohrajn. Jirrizulta mid-dokumenti ta' l-MFSA fuq riferiti li dawn is-socjetajiet marru *in liquidation* ghax naqsu milli jottemporaw ruhhom ma' l-Art. 25(2) ta' dak li kien l-Kap. 330.

### Rimessi bankarji illeciti – misapproprjazzjoni

Il-kumpaniji konvenuti qed isostnu li jekk verament saru rimessi bankarji ma ngabux provi kif titlob il-ligi biex jigi pruvat fejn spiccaw dawn il-flus. Il-fatt li setghu saru rimessi ma jfissirx illi dawn saru b'mod illecitu u minghajr il-kunsens ta' l-azzjonisti u d-diretturi precedenti. L-azzjonisti u d-diretturi precedenti ma ngabux biex jixhdu u l-provi li ngabu huma bbazati biss fuq supposizzjonijiet u mhux fuq fatti konkreti. Anke jekk il-Qorti ssib li Filatov misapproprja ruhhu minn xi flus ta' l-atturi, huwa Filatov biss li ghandu jirrifondi dak li ha.

Citazzjoni Numru 411/99Gv                                                              9

Fuq dana l-punt, xehed dettaljatament Todor Vassilev quddiem il-Qorti u fiz-zewg affidavits li huwa pprezenta liema xhieda ma gietx kontestata.

Fuq il-posizzjoni tal-konvenut Stanislav Filatov fil-kumpaniji, Vassilev  qal li Filatov - *directed, managed and ran the Kama Group of Companies.  He had full control over the operations of the Group and what he would say would be implemented without question.* (Dan hu konfermat mis-segretarja ta' Filatov, Audrey Cefai).  *He had full control over the funds and monies of the Group.  Up to 1997 he was the sole signatory of all known bank accounts and sole holder of the test key facility of Hambros Bank used for telex transfers orders. By means of the key facility Filatov could order by telex message transfers from the bank accounts of the Kama Group of Companies to anybody he decided.  He was also one of the directors of the four Kama Companies. In 1996 Filatov and his family moved out of Malta to the US to run the companies.*

Vassilev spjega x'kien wassal biex il-*parent company* Kama River Shipping Company tibda l-investigazzjoni kontra Filatov (Ara wkoll xhieda  ta' Antonov li tikkonferma dana).  Vassilev qal: *The Group decided to start investigating Filatov because the Maltese companies were making only losses although the ships of the group were regularly engaged in trade. All investigatory work was carried out on the basis of documents that were left in the archive of the Karma Group of Companies and on the basis of the statement of accounts issued by the servicing banks where the accounts of the Group were held.  Filatov destroyed part of the archive because he started suspecting that he was being investigated. Witness traced transactions which evinced money passing out of the companies of the Group to recipients which had nothing to do with the business of the company. He asked the banks, through an English  law firm, to produce statements of the accounts and examined cheque book stubs. Witness was responsible for chartering and operating the ships, so he knew what costs and expenses were involved. He found that no proper accounts were being held. They instituted the*

Cittazjoni Numru 411/99GV                                    11

Fit-23.4.1966  Filatov ghamel *transfer ta'*  US $48,000 fl-*account* tieghu mal  BOV Int.Ltd ghal 'Management fees'  (evidence 3.2.4).

Fid-9.5.1996 Filatov ghamel *transfer* lill  E.I.Holdings ta' US $48,131 ghal Kama Shipping expenses' (evidence 3.2.5.).

Fis-17.5.1996  Filatov ghamel *transfer* lill  *bank account* ta' J & M Parnis England fl-ammont ta'   US $32,000  *settlement* ta' *consultancy fees*  (evidence 3.2.6). Vassillev jghid li ma kien hemm ebda  *agreement* simili ma J & M Parnis England ghal *consultancy services*. Dawn il-flus mhux qed jintalbu.

Fl-20.5.1996 Filatov  ghamel *transfer* lill E.I.Holdings Ltd US $290,000 ghal *'settl. of agreement* 190496 (evidence 3.2.7)  Vassilev jghid: *no such agreement existed and no services were rendered by* E I Holdings Ltd to Kama Malta Shipping.

Fl-20.5.1996  Filatov ghamel *transfer* lill River Sea Shipmanagement Ltd US $310, 000 for *'settl. Of agreement* 190496'. (Evidence 3.2.8).

Fil-18.8.1996 Filatov ghamel *transfer ta'*  $25,000 lill E I Holdings Ltd *in settlement of Kama Shipping expenses* (evidence 3.2.9).

Fil-30.7.1996 Filatov ghamel transfer ta' US $ 62,000 lill E I Holdings Ltd   *in settlement of Kama Shipping expenses* (evidence 3.2.10).

Vassillev xehed li *all these transactions were done without the knowledge, authorization and approval of the Board or shareholders of Kama Malta Shipping Co.Ltd…. In just 8 months Filatov managed to misappropriate US $ 1,043,656 from the account held with Hambros Bank Ltd.*

Il-flus li l-atturi qed jitolbu huma dawk indikati a fol. 150 tal-process fl-ammont ta' US $1,043,656. Ma dawn irid jizdied l-ammont ta' US $ 11,000 li kif gja nghad gie *transferred* lilil Capes Shipping bla awtorizzazzjoni. B'kollox US $1,054,656.

Vassilev jkompli jghid li *there are other transactions which were not authorized, but plaintiffs are limiting their claim for this amount to avoid further expenses. For instance Filatov used to pay the expenses which should have been paid by River Sea Shipmanagement Ltd, Filatov's company, for bare-boat charters, with money from Kama Malta Shipping Co.Ltd.*

Fit-tieni affidavit tieghu Todor Vassilev pero' jiddikjara li *plaintiffs are now restricting their claim to USA $1,000.000 against Filatov and are waving the claims against his family members and relatives.*


## Filatov u l-kumpaniji tieghu

Il-konvenuti ssottomettew ukoll li lt-talbiet attrici ghandhom jigu rigettati ghax ma giex ippruvat in-ness dirett mas-socjetajiet konvenuti River Sea Shipmanagement u E.l.Holdings u lanqas gie pruvat li l-beneficcju finali mar a favur taghhom.

F'dan ir-rigward Vassilev xehed dwar ir-relazzjoni li kien hemm bejn Filatov u l-kumpaniji li ghal ghandhom gew trasferiti l-fondi li ttiehdu mill-kumpaniji attrici. Hu qal li Filatov kien *the beneficial shareholder of River Sea Shipmanagement Ltd, E. I Holdings Ltd and River Sea Ltd. These three companies shared the premises of the plaintiffs companies at South Street, Valletta. Filatov was the only person signing documents on behalf of these three companies.* Dan gie konfermat mis-segretarja ta' Filatov, Audrey Cefai u minn Joseph Psaila a fol 424.

Fil-kaz tar-relazzjoni bejn Filatov u Capes Shipping Inc. tal-U.S.A. Vassilev qal li *when Filatov settled in the US we were able to contact him at the telephone/faxes*

Cittazjoni Numru 411/99GV                                                                    13

*of Capes Shipping Inc.* Stephen Parnis England ikkonferma li Filatov kien mar jahdem ma Capes (ara fol 457).

**Tikkunsidra**

Illi mill-ezami ta' dawn il-provi prodotti l-Qorti ghandha quddiemha  stampa ta' kif il-konvenut   Stanislav Filatov kien jittrasferixxi flus minn kont bankarju li s-socjetajiet attrici kellhom f'Hambros Bank, Londra  a beneficcju tieghu u tal-kumpaniji tieghu, cjoe tal-konvenuti l-ohra.   Dan jirrizulta dettaljatament mill-provi prodotti mill-atturi. Dawn it-trasferimenti kienu jsiru fuq struzzjonijiet tal-konvenut Filatov li kien il-persuna li kien jidderigi u jmexxi s-socjetajiet Maltin wahdu.   Dan il-konvenut setgha jaghmlu ghax kellu l-kontroll assolut tal-finanzi tas-socjetajiet attrici. Gie pruvat li Filatov ma kienx awtorizzat mill-board tad-diretturi u mill-azzjonisti biex jaghmel dawn it-trasferimenti kontra l-interess tas-socjetajiet Maltin u fl-interess ta' Filatov personali jew tal-kumpaniji tieghu (Ara xhieda ta' Antonov u minuti tal-laqghat li gew ezibiti).

Ingab bhala ezempju ta' dan, it-*transfer* ta' fondi minn Filatov  fl-ammont ta' $11,000 mill-kumpanija Antarus Shipping Co. Ltd ghall Capes Shipping Co. Inc. ta' l-Istati Uniti. Dan ma setghax kien awtorizzat minn Antarus billi dina ma kienitx tinnegozja ma' Capes Shipping.

Inoltre ngabet prova li f'perjodu ta' tmien xhur Filatov hareg l-ammont ta' US $ 1,043,656 mill-akkont tas-socjetajiet attrici maltin li kellhom mal Hambros Bank Londra ghal gol *bank account* personali tieghu u tal-kumpaniji tieghu River Sea Shipmanagement Ltd,  E.I.Holdings Ltd u dana meta ma kienx awtorizzat jaghmel hekk u meta ma kienux dovuti dawk il-flus kollha f'dak il-perjodu ta' tmien xhur. Todor Vassilev ipprezenta l-provi dokumentarji dwar kemm ammonti gew trasmessi u f'liema *bank accounts* spiccaw il-flus. Vassilev spjega li Kama Group ma kienx jinnegozja ma' E. I. Holdings Ltd. ghalhekk it-*transfers* li saru lilha ma setghux kienu awtorizzati jew approvati mill  Board jew shareholders tal-Kama

Malta Shipping Co. Ltd.  Gie pruvat li Filatov kien il-beneficial *shareholder* ta' River Sea Shipmanagement Ltd, E. I Holdings Ltd and River Sea Ltd u kien l-persuna li kien jiffirma u jidher ghan nom ta' dawn il-kumpaniji u kien jitfa l-flus li kien jiehu f'dawn il-kumpaniji. Fir-rigward ta' Capes Shipping Inc. tal U.S.A. gie pruvat (ara xhieda ta' Stephen Parnis England  u Vassilev) li Filatov kien jahdem ma Capes  u kien jigi kkuntattat fuq it-telephone/faxes ta' dina l-kumpanija,  u l-atturi ma kellhomx negozju ma dina l-kumpanija Amerikana.

Minn naha l-ohra l-konvenuti (l-kuraturi apparti) ma gabu ebda prova biex jiggustifikaw it-trasferimenti li dwarhom l-atturi pprezentaw il-provi dokumentarji u li huma jghidu li saru minghajr awtorizzazzjoni u li kienu fittizji.

### Solidarjeta' tal-kumpaniji konvenuti

Gie pruvat li l-kumpaniji konvenuti, li tramite taghhom Filatov kien jopera, rcevew il-flus li Filatov kien jimmisapproprja, u ghalhekk huma obbligati, flimkien ma Filatov,  (ara wkoll l-artikolu 1094 tal-Kap 16) li jirrifondu lill-atturi dawk il-flus. Il-kumpaniji konvenuti kienu ippartecipaw fil-misapproprjazzjoni tal-flus fis-sens li d-direttur taghhom, Filatov, kien ikkommetta dan l-att delittwali u dawn il-kumpaniji, li originarjament kienu offshore,  servew bhala s-siparju li warajh Filatov inheba. (ara Appell Imhallef A. Magri et vs Aeroflot Russian Int. Airlines et 1/7/2005; PA GCD E. Leone Enriequez et vs Dr. A. Farrugia et 12/12/1995; Appell Supermarkets (1960) Ltd vs Le Cram Developments Co Ltd 22/10/2002 u App Dr. J. Herrera noe et vs T. Tabone et noe 15/31996 fost ohrajn).

### Flus mitluba

Il-flus li qed jitolbu lura l-atturi huma  US $1,043,656 u  US $11,000,  b'kollox US $1,054,656. Fit-tieni affidavit tieghu Vassillev isemmi tlett figuri bhala t-talba tieghu US $1,054,656;  US $1,054,767 u  US $1,000,000. Dina l-ahhar figura Vassillev isemmija meta jghid li ser huma ser jillimitaw ruhhom ghal dik is-somma minhabba

li kienu gholew l-ispejjez (ara fol 348). Izda fin-nota ta' sottomissjonijiet taghhom l-attur jerga jinsisti li l-ammont mitlub huwa ta' $1,054,656. Skond l-atturi l-ammont ta' US $1,054,656. kellu jigi maqsum hekk:

i.    Il-konvenut Filatov irid jirrifondi l-ammont ta' USA$80,000 (USA$48,000 u USA$32,000) lis-socjeta attrici Eridan Shipping Ltd;

ii.   Il-konvenut in solidum ma River-Sea Shipmanagement Ltd irid jirrifondi l-ammont ta' USA$372,265 (USA$62,265 u USA$310,000) lis-socjeta' attrici Eridan Shipping Co Ltd;

iii.  Il-konvenut in solidum ma E.I. Holdings Ltd irid jirrifondi l-ammont ta' USA$301,391 (USA$166,260 u USA$48,131, u USA$25,000, u USA$62,000) lis-socjeta' attrici Eridan Shipping Co Ltd;

iv.   Il-konvenut in solidum ma' Capes Shipping Services Inc irid jirrifondi l-ammont US$11,000 lill Antarus Shipping Co Ltd (originarjament imsejha Kama Malta 1011 Shipping Co Ltd).


**DECIZJONI**

Ghal dawn il-motivi

Il-Qorti tiddeciedi

Previja li tichad l-eccezzjonijiet tal-konvenuti;

Tilqa' t-talbiet attrici

tiddikkjara li l-konvenut Stanislav Filatov approprija ruhu minn flus, assi u hwejjeg ohra proprjeta' tas-socjetajiet attrici a beneficcju tieghu u/jew tal-konvenuti l-ohra minghajr ma kien awtorizzat u/jew b'mod frawdolenti u/jew b'mod illecitu u illegali;

tillikkwida l-ammont ta' ta' US $1,054,656 bhal l-ammont li gie illegalment approprijati minn Stanislav Filatov;

tordna l-konvenuti jirristitwixxu lis-socjetajiet attrici l-istess l-flus hekk likwidati;

bl-ispejjez u bl-imghax kontra l-konvenuti

b'dan li provizorjament id-drittijiet tal-kuraturi ghandhom jithallsu mill-atturi.

*[handwritten notes:]*

Loppja awtilizzata bi-dgid tal 18 ta' lunju, 2006.

(1) Zieda    "FILATOV"

(2) loppja   "USA # 591,391"

(3) Zieda    "USA # 290,000"

Citazzjoni Numru 411/99GV

16

Irina Filatova, Evgeuni Filatov, Anna Filatova, u Vadim Veronine qed jigu liberati mill-osservanza tal-gudizzju spejjez ghall-konvenuti.

ONOR. IMHALLEF  GEOFFREY VALENZIA B.A., LL.D

Frankie Mercieca
Deputat Registratur.



Exhibit B

**In the First Hall of the Civil Court**

**Writ of Summons number 411/99**

## THE HON. JUDGE GEOFFREY VALENZIA

27th February, 2006

**Dr. Jotham Scerri Diacono as special mandatory for and in representation of Eridan Shipping Ltd., Kama II Shipping Co. Ltd., Antarus Shipping Co. Ltd., Ferrum Shipping Co. Ltd., and for any interest that it may have Kama River Shipping Corporation Ltd. a foreign company registered in Perm, Russia and by means of a minute dated 8th February, 2001, Todor Hristov Vassilev assumed judicial representation all the plaintiff companies instead of Doctor Jotham Scerri Diacono, and by means of a minute dated 27th November, 2001, Ms. Galina Oganesian assumed representation of the plaintiffs in the lawsuit instead of Todor Hristov Vassilev**

-versus-

**Doctor Joseph Azzopardi and Legal Procurator Joanna Dingli who were appointed by a Court Decree dated 8th February, 1999 as deputy curators to represent the absent Stanislav Filatov and his wife Irina Filatov; and CAMCO (Nominee) Limited for on behalf of and in representation of the Maltese companies River-Sea Shipmanagement Limited and E.I. Holdings Limited and by means of decree dated 26th February, 1999 Dr. Joseph Azzopardi and P.L. Joanna Dingli were appointed deputy curators to represent Evgeuni Filatov,**



1

**Anna Filatova, Vadim Veronine, and the foreign company Capes Shipping Services Inc and by means of a decree dated 5th March 2003, Camco (Nominee) Ltd assumed, as liquidator, the representation of River-Sea Shipmanagement Ltd and E. I. Holdings Ltd and by means of decree dated 27th May, 2003 Dr. Joseph Azzopardi was substituted by Dr. Renzo Poresella Flores.**

The Court

## Preliminary

Having seen the writ of summons by means of which the plaintiff company submitted:

-   Whereas between the period from January 1993 till February 1998 the defendant Stanislav Filatov was or assumed in an irregular manner the capacity of director of the company *Eridan Shipping Ltd;*

-   And whereas during the period from March 1995 till February 1998 the defendant Stanislav Filatov was or assumed in an irregular manner the capacity of director of *Kama II Shipping Co. Ltd;*

-   And whereas during the period from May 1995 to February 1998 the defendant Stanislav Filatov was or assumed in an irregular manner the capacity of director of *Antarus Shipping Co. Ltd;*

-   And whereas during the period from May 1995 to February 1998 the defendant Stanislav Fiatov was or assumed in an irregular manner the capacity of director of the company *Ferrum Shipping Co. Ltd.*

-   And whereas during this period in his capacity of director of *Eridan Shipping Ltd, Kama II Shipping Co. Ltd, Antarus Shipping Co. Ltd and Ferrum Shipping Co. Ltd,*

2

the defendant Stanislav Filatov misappropriated for his benefit or for the benefit of the other defendants whosoever of them, money, assets and other chattels that belonged to the aforementioned companies, without any authorization to do so and in a fraudulent, illicit and illegal manner, as will be proven during the hearing of the lawsuit;

- And whereas although the defendant Stanislav Filatov was verbally requested to refund the funds and to return the assets and other chattels that he had misappropriated, he failed to do this and tried to cover up his illegal acts by destroying evidence that could be used against him;

- And whereas for this reason the defendant Stanislav Filatov is obliged to return and to refund the money, assets and other things that belong to the plaintiff company, that were illegally misappropriated, and whilst the other defendants who benefited from the illegal acts of the defendant Stanislav Filatov, are equally obliged to return or to refund the money, assets and other chattels that they received and that belong to the plaintiff companies;

- Therefore, the defendants must state why this Court is not to, saving any necessary declaration:

1.    Decide and declare that the defendant Stanislav Filatov, during the period of 1993 – 1998 misappropriated for himself and for his benefit and/or for the benefit of the other defendants money, assets and other things which belonged to *Eridan Shipping Limited* without being authorised and/or fraudulently in an illicit and illegal manner.

3

2.  Quantify the amount of money and identify the assets and other chattels that belonged to *Eridan Shipping Ltd* that were illegally misappropriated as above mentioned by the defendant Stanislav Filatov.

3.  Order the defendants, or whosoever of them, to restore to plaintiff company *Eridan Shipping Ltd* the money, assets and other chattels as quantified and identified by the Court, that were misappropriated by the defendant Stanislav Filatov in order that Eridian Shipping Ltd be reinstated *in integrum*.

4.  Decide and declare that the defendant Stanislav Filatov, during the period of 1995 – 1998 misappropriated for his benefit and for the benefit of the other defendants money, assets and other chattels that were the property of *Kama II Shipping Co. Ltd.* without being authorised to do so, and in a fraudulent, illicit and illegal manner.

5.  Liquidate the money and identify the assets and other chattels that belonged to the company *Kama II Shipping Co. Ltd.* that were illegally misappropriated by the defendant Stanislav Filatov as mentioned above.

6.  Order the defendant, or whosoever of them, to return to the plaintiff company *Kama II Shipping Co. Ltd.* the money, assets and other chattels that were misappropriated by the defendant Stanislav Filatov and that have been liquidated and/ or identified in order that the company Kama II Shipping Co. Ltd is reinstated *in integrum*.

7.  Decide and declare that the defendant Staislav Filatov during the period 1995 – 1998 misappropriated money, assets and other chattels that were the property of the company *Antarus Shipping Co. Ltd.* for his beneifit and for

4

the benefit of the other plaintiffs without being authorised to do so and in a fraudulent, illicit and illegal manner.

8. Liquidate the amount of money and to identify the assets and other chattels belonging to the company *Antarus Shipping Co. Ltd.* which were illegally misappropriated by the defendant Stanislav Filatov as above mentioned.

9. Order the defendants, or whosoever of them, to return to the plaintiff company *Antarus Shipping Co. Ltd.* money, assets and other chattels that were misappropriated by the defendant Stanislav Filatov, thus liquidated and/or identifiable in order that the company Antarus Shipping Co. Ltd be restored *in integrum.*

10. Declare and decide that the plaintiff Stanislav Filatov, during the period 1996-1998 misappropriated money, assets and other chattels that were the property of the company *Ferrum Shipping Co. Ltd*, for his benefit and/or in a fraudulent, illicit and illegal manner.

11. Liquidate the amount of money, identify the assets and other chattels belonging to the company *Ferrum Shipping Co. Ltd.* that were illegally misappropriated by the defendant Stainslav Filatov as mentioned above.

12. Order the plaintiffs, or whosoever of them, to return to the plaintiff company *Ferrum Shipping Co. Ltd* the money, assets and other chattels that were misappropriated by the defendant Stanislav Filatov, thus liquidated and identified in order that the company Ferrum Shipping Co. Ltd be restored *in integrum.*

5

With costs including those of the warrant of prohibitory injunction number 3743/98 in the abovementioned names, including the application for the appointment of deputy curators which was filed simultaneously with the said warrant of prohibitory injunction, and with legal interest against the defendants, or whosoever of them, and with the reservation that the companies can proceed against the defendant or whosever of them both in Malta and even out of Malta.

Having seen the declaration of the plaintiff companies at page 3 of the Court file:

Having seen the statement of defence of the defendant company Camco (Nominee) Limited at page 18 of the Court file where it pleaded:

(1) That plaintiffs' demands in regard to the defendants are unfounded in fact and at law and should be rejected with costs against the plaintiffs.

(2) That the defendant company, according to Chapter 330 of the Laws of Malta is not deemed to be resident in these Islands and as such no proceedings can be instituted against it before the First Hall of the Civil Court, since the First Hall of the Civil Court does not have jurisdiction over the defendant company.

(3) That without prejudice to the above, the defendant company submits that it does not have any juridical relationship with the plaintiff in regard to the allegations mentioned in the writ of summons and, therefore, should be declared non suited with costs against the plaintiff.

(4) That the allegations mentioned in the premises of the writ of summons with regard to the defendant company are completely vague and unfounded at law

6

and one can only conclude that amount to nothing more than what the English would call a "fishing expedition" and, therefore, are legally unfounded.

(5)  Saving further pleas.

Having seen the statement of defence of the defendant curators Dr. Joseph Azzopardi and Legal Procurator Joanna Dingle nomine at page 23 of the Court file were they pleaded:

(1) That they are not briefed about the facts of this lawsuit and they, therefore, reserve the right to file their defence at a later stage.

Having seen the statement of defence of the defendant curators Dr. Renzo Porsella-Flores and Legal Procurator Joanna Dingli nomine at page 435 of the Court file where they pleaded:

1.  That primarily Galina Oganesian (the current plaintiff) has to give proof of her mandate.

2.  That in any case they do not know anything about the facts of this lawsuit and, therefore, reserve the right to raise their pleas at a later stage.

Having seen the preliminary judgment at page 46 wherein the Court denied the second pleas of the defendants Camco (Nominee) Ltd.

Having seen the decree at page 128;

Having seen the note at page 132;

7

Having seen the complete record of these proceedings together with the exhibited documents;

Having heard the evidence under oath;

Having seen the written legal submissions of the parties.


## The Facts

The defendant Stanislav Filatov, for some time was the executive director of the plaintiff companies, except for Kama River Shipping Co. Ltd. which was the parent company of these Maltese companies and which is based in Perm, Russia.   The defendant Filatov effectively used to manage these Maltese companies, however according to the plaintiffs, towards the end of his management of these companies, he was acting as a director of the company without the approval of all the shareholders of the said Maltese companies.   At the time when Filatov was an executive director, he had complete control of the money (bank accounts etc) and of the assets of these Maltese plaintiff companies.   Then the parent company decided to start investigating the acts of the defendant and it concluded that the defendant was misappropriating funds and other assets of the plaintiff company with the result that the money was used for the benefit not only of the defendant but also of his wife, daughter, brother and defendant companies of which the defendant was the beneficiary.


## Plaintiffs' Demands

Therefore, the plaintiffs asked for a declaration that the plaintiff Stanislav Filatov appropriated money, assets and other chattels that belonged to the plaintiff companies for

8

his benefit or for the benefit of the other defendants without any authorisation. The Court was also requested to identify and quantify (liquidate) the amounts due to the plaintiffs, and to order the defendants or whosoever of them, to return to the plaintiff companies the said money, assets and other chattels that defendant misappropriated.


## The Statement of Defence

The defendants stated that they had no relationship whatever with the plaintiff in regard to the allegations made in the writ of summons and these allegations are completely vague and without any juridical basis and, therefore, legally unfounded. The defendants' curators pleaded that they are not briefed with the facts and they should not be liable for the costs of the lawsuit.


## The Considerations of the Court

### Offshore companies

Originally River Sea Shipmanagement Co. Ltd. and E. I. Holdings had the status of offshore companies which then was changed during the hearing of the lawsuit as is shown in the documents which are exhibited on page 84 and 85. Joseph Psaila in his evidence stated that the defendant companies were no longer offshore companies and today they are no longer active (see page 424). Today, under Maltese law, offshore companies do not exist any longer and, therefore, the Court is treating these companies as normal Maltese companies. It results from the above-mentioned MFSA documents that these companies went into liquidation because they failed to abide with Art. 25(2) of what was previously Chapter 330.

9

**Illicit bank remittances - misappropriation**

The defendant companies are contending that assuming that the documents produced by plaintiff were indeed bank remittances, no proof was made, as is required by law, to prove where the funds ended up. The fact that remittances could have been made does not mean that these were made in an illicit manner and without the consent of the shareholders and the previous directors. The shareholders and the previous directors were not asked to given evidence and the proof that was given is based on suppositions and not on concrete facts. Even if the Court does find that Filatov misappropriated money that belonged to plaintiff, it is only Filatov who has to refund what he took.

Todor Vassilev gave detailed evidence on this point before the Court and in the two affidavits he filed, which evidence was not contested.

With regard to the defendant Stanislav Filatov's position in the companies, Vassilev said that *Filatov directed, managed and ran the Kama Group of Companies. He had full control over the operations of the Group and what he would say would be implemented without question.* (This is confirmed by Audrey Cefai, who was Filatov's secretary). *He had full control over the funds and monies of the Group. Up to 1997 he was the sole signatory of all known bank accounts and the sole holder of the test key facility of Hambros Bank used for telex transfers orders. By means of the key facility Filatov could order by telex message transfers from the bank accounts of the Kama Group of Companies to anybody he decided. He was also one of the directors of the four Kama Companies. In 1996 Filatov and his family moved out of Malta to the US to run the companies.*

Vassilev explained what induced the parent company Kama River Shipping Company to start investigations against Filatov (see the evidence of Antonov which confirms this). Vassilev said: *"The Group decided to start investigating Filatov because the Maltese companies were making only losses although the ships of the group were regularly engaged in trade. All investigatory work was carried out on the basis of the documents*

10

*that were left in the archive of the Kama Group of Companies and on the basis of the statement of accounts issued by the servicing banks where the accounts of the Group were held. Filatov destroyed part of the archive because he started suspecting that he was being investigated. Witness traced transactions which evinced money passing out of the companies of the Group to recipients which had nothing to do with the business of the company. He asked the banks, through an English law firm, to produce statements of the accounts and examined cheque book stubs. Witness was responsible for chartering and operating the ships, so he knew what costs and expenses were involved. He found that no proper accounts were being held. They instituted the case against all the defendants because they all benefited directly from the funds that Filatov misappropriated from the Kama Group."*

Then the witness went on to explain in detail how they concluded that there was misappropriation at least, in two particular cases, i.e. in the case of the transfer of the funds to Capes Shipping and the transfer of the money received from the insurance company for the loss of the vessel Volgodon 5064 to Filatov's accounts or to his companies (see page 147 of his evidence).

Vassilev mentioned the transfer that was made in the amount of $11,000 by Filatov from Antarus Shipping Co. Ltd to Capes Shipping Co. Inc based in the United States (see Doc. Evidence 2). These transfers could not have been authorised by Antarus because it had no business dealings with Capes Shipping.

With regard to the Volgodon 5064 matter, Vassillev stated the following in his evidence:

*"Following the grounding of the m/v Volgodon 5054 in November 1995, the insurance company paid Kama Malta Shipping Co. Ltd one million dollars in her account held with Hambros Bank in London. Filatov misappropriated this amount by effecting a number of transfers out of the bank account to his companies River Sea Shipmanagment Ltd, to E. I. Holdings Ltd and to his bank accounts"* (see Evidence 3).

11

As evidence of the allegations he made Vassilev gave the following details, and exhibited the relative documents to corroborate what he stated.

On the 15.1.1996 Filatov made a transfer of US $62,265 to the account of River Sea Shipmanagement Ltd at BOV Int. Limited. – Invoice 8.1.96 (evidence 3.2.2.)

On the 16.4.1996 a transfer of US $166,620 was made to E.I. Holding Ltd. BOV Int. Ltd. (evidence 3.2.3). Vassilev states that the Kama Group of Companies had no dealings with E. I. Holdings Ltd.

On the 23.4.1996 Filatov effected a transfer of US $48,000 into his account with BOV Int Limited for "Management fees" (evidence 3.2.4).

On the 9.5.1996 Filatov effected a transfer of US $48,131 to E.I. Holdings for Kama Shipping expenses (evidence 3.2.5).

On the 17.5.1996 Filatov effected a transfer to the bank account of J & M Parnis England for the amount of US $32,000 settlement of consultancy fees (evidence 3.2.6). Vassillev states that there was no such agreement with J & M Parnis England for consultancy services. No request is being made for these funds.

On the 20.5.1996 Filatov effected a transfer to E.I. Holdings Ltd for US$290,000 for "settl. of agreement 190496 (evidence 3.2.7) Vassilev states: "*no such agreement existed and no services were rendered by E.I. Holdings Ltd. to Kama Malta Shipping*".

On the 20.5.1996 Filatov effected a transfer to River Sea Shipmanagment Ltd of US $310,000 for "settl. Of agreement 190496". (Evidence 3.2.8).

On the 18.8.1996 Filatov effected a transfer of $25,000 to E.I. Holdings Ltd in settlement of Kama Shipping expenses (evidence 3.2.9).

12

On the 30.7.1996 Filatov effected a transfer of $62,000 to E.I. Holdings Ltd in settlement of Kama Shipping expenses (evidence 3.2.10).

Vassillev stated in his evidence *"all these transactions were done without the knowledge, authorisation and approval of the Board of shareholders of Kama Malta Shipping Co. Ltd... in just 8 months Filatov managed to misappropriate US $1,043,656 from the account held with Hambros Bank Ltd."*

The funds that the plaintiff is requesting are those indicated in page 150 of the court file in the amount of US $1,043,656. To this sum the amount of $11,000 must be added that as already mentioned was transferred to Capes Shipping without authorisation. In all, US$1,054,656.

Vassilev carried on stating that: *"there are other transactions which were not authorised, but plaintiffs are limiting their claim for this amount to avoid further expenses. For instance Filatov used to pay the expenses which should have been paid by River Sea Shipmanagement Ltd. Filatov's company, for bare-boat charters, with money from Kama Malta Shipping Co. Ltd."*

In his second affidavit Todor Vassilev however declares that *"plaintiffs are now restricting their claim to USA $1,000,000 against Filatov and are waving the claims against his family members and relatives."*

**Filatov and his companies**

The defendants submitted that plaintiffs' demands should be rejected because the direct link with the defendant companies River Sea Shipmanagement and E. I. Holdings was not proven and neither was it proven that they were the final beneficiaries.

In this regard Vassilev gave evidence with regard to the relationship that existed between Filatov and the companies to whom the transfers of the funds were effected and the

plaintiff companies. He said that Filatov was "the beneficial shareholder of River Sea Shipmanagement Ltd. E. I. Holdings Ltd and River Sea Ltd. These three companies shared the premises of the plaintiffs companies at South Street, Valletta. Filatov was the only person signing documents on behalf of these three companies". This was confirmed by Audrey Cefai, Filatov's secretary and by Joseph Psaila on page 424.

With regard to the relationship between Filatov and Capes Shipping Inc of the USA Vassilev stated that "*when Filatov settled in the US we were able to contact him at the telephone/faxes of Capes Shipping Inc.*" Stephen Parnis England confirmed that Filatov was working for Capes (see fol. 457).

## The Court Considered

That from the examination of all the evidence produced, this Court has a clear picture of how the defendant Stanislav Filatov used to transfer money from the plaintiff companies bank accounts at Hambros Bank, London, for his benefit and for the benefit of his companies, that is the other defendants. This results in great detail from the evidence produced by the plaintiffs. These transfers were effected on the instructions of the defendant Filatov who was the person solely responsible for the running of the Maltese companies. This defendant was able to do all this because he had the complete control of the financial aspects of the plaintiff companies. It has been proven that the Board of Directors and the shareholders did not authorise Filatov to effect these transfer against the interests of the Maltese companies and in the interest of Filatov personally or of his company (see evidence of Antonov and minutes of meetings which have been exhibited).

By way of example of all this, is the transfer of funds by Filatov for $11,000 from the company Antarus Shipping Co. Ltd to Capes Shipping Co. Inc. of the United States which was mentioned. This could not have been authorised by Antarus since it had no business relationship with Capes Shipping.

14

Besides, evidence was produced which showed that in a period of eight months Filatov withdrew the amount of $1,043,656 from the plaintiff companies' bank accounts with Hambros Bank London and transferred those funds to his personal bank account or to a bank account of his company River Sea Shipmanagement Ltd, E.I. Holdings Ltd. All this was done by Filatov without him being authorised to do so and when all those funds were not due during that period of eight months.    Todor Vassilev presented documentary evidence of the amount of money that was transferred and in which bank accounts the funds ended up.    Vassilev explained that the Kama Group had no business relationship with E. I. Holdings Ltd., therefore, the transfers that were effected to this company could not have been authorised or approved by Kama Malta Shipping Co. Ltd's  Board or shareholders.    It has been established that Filatov was the beneficial shareholder of River Sea Shipmanagement Ltd., E.I. Holdings Ltd and River Sea Ltd and he was the person who used to sign and appear on behalf of these companies and he used to deposit the money which he used to take into these companies. In regard to Capes Shipping Ltd of the U.S.A., it has been proven (see the evidence of Stephen Parnis England and Vassilev) that Filatov used to work with Capes and he used to be reached at this company by telephone/faxes, and the plaintiffs did not have any business relationship with this American company.


On the other hand, the defendants (apart from the curators) did not bring any evidence to justify the transfers about which plaintiffs presented documentary evidence and which the latter state were made without any authorisation and were fictitious.


**Solidarity between defendant companies**

It has been established that the defendant companies, through which Filatov used to operate, received the funds which Filatov had misappropriated, and for this reason they are obliged, together with Filatov, (see also article 1094 of Chapter 16) to refund to plaintiff these funds.  The defendant companies had participated in misappropriation of funds in the sense that their director, Filatov, had committed a criminal act, and these companies that originally were offshore companies, served as a cover up for Filatov to hide behind. (see Court of  Appeal Judge A. Magri et vs Aeroflot Russian Int. Airlines et

15

1/7/2005; First Hall of the Civil Court GCD E. Leone Enriequez et vs Dr. A. Farrugia et 12/12/1995; Court of Appeal Supermarkets 1960 Ltd vs Le Cram Developments Co. Ltd 22/10/2002 and Court of Appeal Dr. J. Herrera noe vs t. Tabone et noe 15/3/1996 amongst others).

**Requested funds**

The funds that are being claimed back by plaintiffs are US $ 1,043.656 and US $11,000, altogether US **1,054,656**.  In his second Affidavit Vassillev mentions three figures which he is requesting: US $ 1,054,656; US $ 1,054,767 and US $ 1,000,000.  This latter figure Vassillev mentioned when he states that they are going to limit themselves to this sum because of the increase in expenses (see page 348).  However, in their note of submissions the plaintiff insists again that the amount claimed is of $ 1,054,656.  According to plaintiff the amount of US $1,054,656 had to be divided as follows:

i.  The defendant Filatov has to refund the amount of  US$80,000 (US$48,000 and US$32,000) to the plaintiff company Eridan Shipping Ltd;

ii.  The defendant in solidum with River-Sea Shipmanagement Ltd has to refund the amount of US$372,265 (US $ 62,265 u US$310,000) to the plaintiff company Eridan Shipping Ltd.

iii.  The defendant Filatov in solidum with E.I. Holdings Ltd has to refund the amount of US$591,391 (US$166,260 and US$48,131, and US$25,000 and US$62,000 and US$290,000) to the plaintiff company Eridan Shipping Ltd;

iv.  The defendant in solidum with Capes Shipping Services Inc. has to refund the amount of US $ 11,000 to Antarus Shipping Co. Ltd. (originally called Kama Malta 1011 Shipping Co. Ltd).

**The Decision of the Court**

For the above reason,

The Court decides,

Besides denying the defendants' statements of defence,

16

Grants plaintiffs' demands;

Declares that the defendant Stanislav Filatov misappropriated himself from funds, assets and other things which were the property of the plaintiff companies for his benefit and/or the other defendants without being authorised and/or in a fraudulent and/or in an illegal and illicit manner;

Liquidates the amount of US$1,054,656 as the amount that was illegally misappropriated by Stanislav Filatov;

Orders that the defendants refund the amount liquidated to the plaintiff companies;

With costs and interest against the defendants;

Provided that the fees due to the curators have to be paid by the plaintiffs;

Irina Filatova, Evgeuni Filatov, Anna Filatova and Vadim Veronine are declared non suited and freed from the effects of this judgement and their related costs are to be borne by defendants.

Signed:

This is a true and faithful translation of the Maltese original.

**Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing translation is true and correct.**

_M. Firman_

Legal Procurator Ms. Madeleine Firman

24th May 2007.

COURTS OF JUSTICE - MALTA
SIGNED AND SWORN BEFORE ME,
DAY OF May        20 07

M. SPI...

Commissioner to ...