THE TIMES, MONDAY, JULY 17, 2000          MONDAY LAW REPORT                                    27

# Offshore companies' jurisdiction plea rejected

The First Hall of the Civil Court, presided by Mr Justice Raymond C. Pace, on May 31, 2000, in the case 'Dr Jothan Scerri Diacono noe vs Dr Joseph Azzopardi and PL Joanne Dingli noe et' turned down a plea of jurisdiction raised by two offshore companies and held that an offshore company was to be considered as a non-resident limitedly for the purposes of Chapter 330, without restricting the jurisdiction of Maltese courts.

A number of Maltese shipping companies filed a complaint in court that a certain foreigner, who acted as director of those companies for a couple of years, had assumed the post of director in an irregular manner. They alleged that he had fraudulently and illicitly misappropriated money, assets and other items of property belonging to them without authorisation.

Despite their requests, the man failed to return what he had allegedly taken and had tried instead to cover up by destroying evidence.

Subsequently, the shipping companies proceeded by instituting legal proceedings before the Maltese courts against the man as well as against other persons, including two Maltese offshore companies, that benefited from the alleged misappropriation.

The shipping companies demanded full recovery of the missing property and money. They requested the court to liquidate the amount of the sums due, to identify the property illegally taken and to condemn defendants or any of them to return the misappropriated money, assets and property.

The two offshore companies disputed the shipping companies' claims, describing them as unfounded, both in fact and at law. They contended that companies registered under Chapter 330 of the Laws of Malta, the Malta Financial Services Centre Act, were deemed not to be resident in Malta and were therefore outside the jurisdiction of the local courts.

The offshore companies denied having any legal relations with the shipping companies, asking to be freed from the proceedings. All allegations directed against them were extremely vague and without legal basis, they said. The allegations were akin to what was meant by the English expression "fishing expedition" and were as such legally unsustainable.

In addition, the deputy curators representing the other defendants, not having knowledge of the facts at issue, reserved the right to present pleas at a later stage in the proceedings.

The court, ruled that it would first decide the jurisdiction plea raised by the offshore companies.

The court cited Article 741 of Chapter 12 of the Laws of Malta which provides that it was lawful to plead to the jurisdiction of the court in the following cases:

(a) when the action was not one within the jurisdiction of the courts of Malta;

(b) when the action, although one within the jurisdiction of the courts of Malta was brought before a court different from that by which such action was cognisable;



(c) when the privilege of being sued in a particular court was granted to the defendant.

Reference was made to 'Ray Calleja vs Dr Raymond Pace', dated January 31, 1996, where the court of appeal held that the plea of non-jurisdiction was one dilatory in nature, even though the court could raise it ex officio. It noted that, according to case-law, it was deemed that a defendant submitted to a court's jurisdiction if he failed to challenge the competence of the court in limine litis, though legally entitled, choosing instead to contest the merits.

In the circumstances, the court rejected the jurisdictional plea. Finding in favour of the shipping companies, it said it had jurisdiction once the dispute in question involved several companies registered in Malta.

The court said Maltese companies were to be treated as "Maltese citizens" for all effects and purposes of law, regardless of their place of residence. Reference was made to Section 745 (1) (a) of the civil procedure which provides that:

"Citizens of Malta and all other persons domiciled in Malta who are absent there from shall be presumed to be resident in their last place of abode in Malta."

An offshore company was to be considered as a non-resident limitedly for the purposes of Chapter 330 without restricting the jurisdiction of our courts, explained the court. The court pointed out that, had offshore companies been excluded from the court's jurisdiction, there would be no need for Maltese law (Section 36 of Chapter 330) to grant them exemptions from executive and precautionary acts.

The court found that the present lawsuit fitted squarely under Article 36 (3) (a) and (b) as well as under Article 26 (1) of Chapter 303.

For those reasons the court rejected the offshore companies' plea of jurisdiction, ordering the case to be continued.