UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
:
**ERIDAN SHIPPING LTD.**, as successor in interest  :
to **KAMA MALTA SHIPPING CO., LTD.**, and  :   07CV6347(HB)
**ANTARUS SHIPPING CO., LTD.**, as  :   **OPINION & ORDER**
Successor in interest to **KAMA MALTA 1011**  :
**SHIPPING CO., LTD.,**  :
:
                         **Plaintiffs,**  :
:
     -against-  :
:
**STANISLAV FILATOV,**  :
:
                         **Defendant.**  :
-----------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

      Plaintiffs Eridan Shipping Ltd. ("Eridan") and Antarus Shipping Co. Ltd. ("Antarus") ("Plaintiffs") move this Court for summary judgment against Defendant Stanislav Filatov ("Defendant") for recognition of a civil Maltese judgment in the amount of US$1,056,656.00, plus costs and interests, pursuant to New York State's Uniform Foreign Country Money-Judgments Recognition Act ("Uniform Act") for an order of attachment of the Defendant's assets. The Uniform Act's provisions are found in New York Civil Procedure Law & Rules ("CPLR") Article 53. Plaintiffs are two Maltese shipping companies whose corporate accounts were raided by the Defendant while serving as their Managing Director in Malta. After a trial at which the Defendant was represented by counsel but never personally appeared, the First Hall of the Civil Court of the Courts of Justice, Malta, ("Maltese Court") issued a default Decision and Judgment ("Maltese Judgment") on February 27, 2006 finding that the Defendant had improperly and illegally absconded with US$1,056,656.00, and entered a civil judgment in this amount against Mr. Filatov, plus costs and interest.

      Based upon my review of the affidavits and exhibits submitted with the motion for summary judgment, the Maltese proceedings, and the New York law on enforcement of foreign

---

[1] I would like to thank Ms. Giannina Berrocal, a Spring 2008 intern, for her help in researching the issues in this opinion.

1

country money judgments, see N.Y. C.P.L.R. Article 53, the merits appear to favor the Plaintiffs. Nevertheless, I must dismiss the matter because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

## II. DISCUSSION

**Subject Matter Jurisdiction**

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying which materials it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In addition, a plaintiff always bears the burden of showing that the district court has jurisdiction. Pariente v. Scott Meredith Literary Agency, Inc., 771 F. Supp. 609, 613 (S.D.N.Y. 1991) citing McNutt v. General Motors Acceptance Corp., 298 U.S. 189 (1936). The Plaintiffs here allege that this Court's subject matter jurisdiction is grounded in diversity of citizenship under 28 U.S.C. § 1332(a)(2). They state that while they are all foreign entities, the Defendant is domiciled in New York and therefore diversity of citizenship is complete. 28 U.S.C. § 1332(a). In fact, Plaintiffs' investigations show that Defendant and his family obtained 'green cards,' moved to the United States in April 1996, and now reside in New York. Vassilev Aff. ¶ 21. Nowhere do the Plaintiffs allege that Mr. Filatov is a United States citizen. The Plaintiffs rely simply on the fact that the Defendant is in default in this Court and has raised no objections to jurisdiction to keep the matter here. See Clerk's Certificate of Default dated September 18, 2007; Leland Dec. ¶ 3, Exh. C.

Congress amended the diversity statute in the Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, 102 Stat. 4642, 4646 (1988), to provide that for the purposes of determining diversity jurisdiction, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled" under 28 U.S.C. § 1332(a). See Lloyds Bank PLC v. Norkin, 817 F. Supp. 414 (S.D.N.Y. 1993). The literal application of the statute appears to permit diversity here. But while other Circuits have applied the amended language literally in cases between permanent resident aliens and non-resident aliens, the cases in this Circuit have consistently held that such a suit between a permanent resident alien and non-resident alien is barred. See, e.g., Khan v. State Bank of India, 01cv1305, 2001 WL 1463783 (S.D.N.Y. Nov. 15, 2001); cf. Singh v. Daimler-Benz AG, 9 F.3d 303 (3d Cir. 1993) (the court applied the plain language of §1332(a) and held it had subject

matter jurisdiction because minimal diversity existed). Section 1332(a) destroys diversity where a permanent resident alien domiciled in a U.S. state sues a citizen of the state; it does not expand diversity jurisdiction and it does not abrogate the well-established principle that aliens cannot sue aliens in federal court. See Lloyds Bank PLC, 817 F. Supp. at 415-16 citing Mossman v. Higginson, 4 U.S. (4 Dall.) 12, 14 (1800).

While the Plaintiffs are Maltese corporations and the Defendant allegedly lives in New York, diversity is defeated by "the presence of aliens both as plaintiffs and defendant." Khan v. State Bank of India, 01cv1305, 2001 WL 1463783 (S.D.N.Y. Nov. 15, 2001) (quoting ITT v. Vencap, 519 F.2d 1001, 1015 (2d Cir. 1975)). In view of the procedural posture here with the Plaintiffs moving for summary judgment against a Defendant who has not appeared, and the obligation of federal courts to examine subject matter jurisdiction, *sua sponte* if need be, I conclude that the Plaintiffs have failed to show diversity of citizenship under 28 U.S.C. § 1332(a). Fed. R. Civ. P. 12(h)(3); Lloyds Bank PLC, 817 F. Supp. at 416. I am also at a loss to find subject matter jurisdiction bottomed on a federal question jurisdiction under 28 U.S.C. § 1331.

### III. CONCLUSION

Because of the lack of diversity of citizenship, this Court lacks subject matter jurisdiction over this suit and it is hereby DISMISSED. The Clerk of the Court is instructed to close all motions and remove this matter from my docket.

SO ORDERED
Dated: New York, New York
March 4, 2008

U.S.D.J.

3